UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KHARI DEVON COLEY,

                             Plaintiff,

       v.                                 9:19-CV-0382
                                         (LEK/ATB)

W. GARLAND, et al.,

                             Defendants.
_____

APPEARANCES:

KHARI DEVON COLEY, Plaintiff, pro se
MARK G. MITCHELL, Asst. Attorney General for Defendant W. Garland

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Kharin Devon Coley ("plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 on or about April 1, 2019, with the filing of a complaint, Dkt. No. 1 ("Compl."), accompanied by an application to proceed in the action in forma pauperis ("IFP"), Dkt. No. 2, and a motion for the appointment of pro bono counsel, Dkt. No. 4. Liberally construed, plaintiff's original complaint asserted claims under the Eighth Amendment against Upstate Correctional Facility ("Upstate C.F.") Correctional Officer "W[.] Garland," as well as four unidentified "Doe" defendants also employed at Upstate C.F. Compl. at 2, 5.

On May 8, 2019, the Court issued a Decision and Order granting plaintiff's IFP

application, denying the motion for counsel, and accepting the complaint in its entirety. Dkt. No. 7 ("May Order"). The Court directed plaintiff to utilize discovery in the action to ascertain the identities of the Doe defendants and, upon doing so, file an amended complaint "to properly name those individuals as parties" to the action. May Order at 6.

Following service of process, defendant Garland appeared in the action and filed his answer on August 19, 2019. Dkt. Nos. 14, 20. In accordance with the Court's pretrial scheduling order, Dkt. No. 21, defendant Garland served on plaintiff initial disclosures on or about October 18, 2019. Dkt. No. 27. On or about November 7, 2019, the Court received an amended complaint from plaintiff. Dkt. No. 28 ("Am. Compl."). The Clerk has forwarded the amended complaint to the Court for review.

## II. DISCUSSION

Plaintiff's amended complaint sets forth the same allegations and causes of action contained in his original complaint, except that the amended pleading identifies the Doe defendants by name and rank within Upstate C.F. Am. Compl. at 2-3. In particular, the amended complaint names the following individuals as defendants: (1) Upstate C.F. Correctional Officer ("C.O.") Nathan T. Locke; (2) Upstate C.F. Sergeant William Hoffnagle; (3) Upstate C.F. C.O. Joseph R. Granger; and (4) Upstate C.F. C.O. Randy J. Russell. *Id.* In light of the Court's May Order directing plaintiff to file an amended complaint upon learning the identities of the Doe defendants, the Court has not construed plaintiff's submission as a motion for leave to file an amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure. Rather, the Court clarifies that, in its May Order, the Court granted plaintiff leave to file an amended complaint only to the extent that the amended pleading include the identities of the Doe defendants.

In accordance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Court has reviewed the sufficiency of plaintiff's amended complaint. In light of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant.*, 537 F.3d 185, 191 (2d Cir. 2008), the Court concludes that it alleges sufficient facts to be accepted for filing.[1] Plaintiff's amended complaint, however, cannot be accepted for filing at this time, or served on defendants, because it does not bear plaintiff's signature in accordance with Rule 11(a) of the Federal Rules of Civil Procedure. Accordingly, plaintiff is directed to resubmit to the Court an identical copy of his amended complaint that bears his signature within 30 days of the date of this Decision and Order.

## III. CONCLUSION

**WHEREFORE** it is hereby

**ORDERED** that plaintiff shall file an identical copy of his amended complaint (Dkt. No. 28) that bears his signature within 30 days of the date of this Decision and Order; and it is further

**ORDERED** that, out of special solicitude to plaintiff's pro se status, the Clerk of the Court shall provide plaintiff a courtesy copy of his amended complaint (Dkt. No. 28); and it is further

**ORDERED** that, upon receipt of plaintiff's signed amended complaint, it will be **ACCEPTED for filing** in its entirety and act as the operative pleading in the action;[2] and it is

---

[1] In so ruling the Court expresses no opinion as to whether the amended complaint can withstand a properly filed dispositive motion.

[2] In the event plaintiff wishes to further amend his amended complaint, he must either (1) obtain consent from defendants before filing the amended complaint with the Court, or (2) submit a proper motion for leave to file an amended complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice for this Court.

further

**ORDERED** that, upon receipt of plaintiff's signed amended complaint, the Clerk of the Court shall **TERMINATE** from the docket defendants John Doe 1-4; and it is further

**ORDERED** that, upon receipt of plaintiff's signed amended complaint, the Clerk of the Court shall add to the docket the following individuals as defendants: (1) Upstate C.F. C.O. Nathan T. Locke; (2) Upstate C.F. Sergeant William Hoffnagle; (3) Upstate C.F. C.O. Joseph R. Granger; and (4) Upstate C.F. C.O. Randy J. Russell; and it is further

**ORDERED** that, upon receipt of plaintiff's signed amended complaint, the Clerk of the Court shall issue a summons and forward it, along with a copy of the amended complaint and a copy of this Decision and Order, to the United States Marshal for service upon defendants Locke, Hoffnagle, Granger, and Russell;[3] and it is further

**ORDERED** that, upon receipt of plaintiff's signed amended complaint, a response to the amended complaint shall be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** the Clerk of the Court shall serve a copy of this Decision and Order on the parties.

Dated: November 8, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[3] Defendant Garland has already been served and, as noted above, filed an appearance in the matter through counsel. Dkt. Nos. 13, 14.

4