UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KHARI DEVON COLEY,

                            Plaintiff,

        -against-                                              9:19-CV-0382 (LEK/ATB)

W. GARLAND, *et al.*,

                            Defendants.

_____

**DECISION AND ORDER**

## I.    INTRODUCTION

On or about April 1, 2019, Khari Devon Coley commenced this action pro se by filing a

complaint, which was accompanied by an application to proceed in forma pauperis ("IFP"), and a

motion to appoint pro bono counsel. Dkt. Nos. 1–3. On May 28, 2019, pursuant to 28 U.S.C.

§§ 1915 and 1915A, the Court issued a Decision and Order granting Plaintiff's IFP application,

denying Plaintiff's motion for counsel, and accepting the complaint for filing in its entirety. Dkt.

No. 7 ("May 2019 Order"). On or about November 7, 2019, Plaintiff filed an amended complaint

that did not bear his signature. Dkt. No. 28. On November 8, 2019, the Court issued a Decision

and Order advising Plaintiff that, upon receipt of a signed amended complaint, it would be

accepted for filing in its entirety. Dkt. No. 29 ("November 2019 Order"). Subsequently, Plaintiff

submitted a signed copy of the amended complaint, Dkt. No. 31 ("First Amended Complaint"); a

copy of a further amended complaint, Dkt. No. 34 ("Second Amended Complaint" or "SAC");

and a second motion for the appointment of counsel, Dkt. No. 30.

On December 10, 2019, the Court issued a Decision and Order accepting the Second

Amended Complaint for filing in its entirety and denying Plaintiff's motion for counsel. Dkt. No.

38 ("December 2019 Order"). In the Second Amended Complaint, the currently operative pleading, Plaintiff asserts: (1) Eighth Amendment excessive force claims against Correction Officers Wayne C. Garland, Nathan T. Locke, and Randy J. Russell; (2) Eighth Amendment failure-to-intervene claims against Correction Officer Joseph P. Granger and Sergeant William Hoffnagle; and (3) a medical indifference claim[1]. SAC at 5–6.

On January 21, 2020, Defendants filed a motion to dismiss the Second Amended Complaint, in which they moved to dismiss only Plaintiff's medical indifference claim. Dkt. No. 57 ("Motion to Dismiss"). On March 27, 2020, Plaintiff moved to amend again and submitted a proposed third amended complaint, Dkt. Nos. 68 ("Motion to Amend"); 68-1 ("Proposed Third Amended Complaint"), which differs from the Second Amended Complaint only in specifying a defendant for the medical indifference claim, Dr. Kyoung Kim, a medical staff member at Green Haven Correctional Facility ("Green Haven C.F."), see Proposed Third Amendment Complaint at 3, 5, 8, and in adding allegations depicting deficient medical treatment in several correctional facilities, see id. at 5–6. On April 20, 2020, Plaintiff requested a preliminary injunction mandating that Defendants provide him with medical care at Green Haven, C.F., where he is currently incarcerated, and protect him from inmate attacks at that facility by either moving him to protective custody or transferring him to another facility. See Dkt. Nos. 70 ("Motion for Injunctive Relief"), 79 ("Clarification from Plaintiff's Counsel").[2] On May 21, 2020, Defendants filed a response in opposition to Plaintiff's Motion to Amend. Dkt. No. 76 ("Response to Motion to Amend").

---

[1]  Plaintiff did not initially identify defendants for this claim. Id. at 6.

[2]  On June 9, 2020, counsel appeared for Plaintiff. Dkt. No. 77.

For the reasons that follow, Defendants' Motion to Dismiss Plaintiff's medical indifference claim is granted, Plaintiff's Motion to Amend is denied, and Plaintiff's Motion for Injunctive Relief is denied.

## II.   BACKGROUND

### A.  Second Amended Complaint

The following facts, alleged in the Second Amended Complaint, are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

On October 31, 2016, at Upstate Correctional Facility ("Upstate C.F."), Plaintiff was isolated in a cell in the Special Housing Unit, when Garland poured water in Plaintiff's food tray, pushed it through the slot in the door, called Plaintiff a racial slur, and told him, "I don't like your kind. I'll be back to teach you." SAC at 3. After Garland finished his rounds, Garland and Locke entered Plaintiff's cell. Id. at 4. Garland "thr[ew] Plaintiff around the cell" and slammed Plaintiff's face into the wall, table, and chair. Id. Russell kicked Plaintiff in the back and stomach. Id. Locke slammed Plaintiff's face on the toilet. Id. Garland punched and kicked Plaintiff in the ribs. Id. Garland picked Plaintiff up and "slam[med] him on [his] neck[,] br[e]aking it." Id. While this attack happened, Granger and Hoffnagle "watched and did nothing to stop the assault." Compl. at 4; SAC at 5.[3]

As a consequence of this attack, Plaintiff has since been in "ex[r]uciating pain every day" in his neck and back. Id. at 6. Despite this, Plaintiff has been denied medical treatment. Id.

---

[3]  Plaintiff provided this factual allegation only in the original Complaint, initially attributing this act to "John Doe" defendants. See, e.g., Hamza v. Yandik, No. 19-CV-447, 2020 WL 2092487, at *1 n.1 (N.D.N.Y. May 1, 2020) (Kahn, J.) (stating, in reviewing an amended complaint, that "in light of Plaintiff's pro se status, and for purposes of completeness, the Court here recites certain facts from the original Complaint.").

**B.  Proposed Third Amended Complaint**

Plaintiff requests to add the following factual allegations via the Proposed Third

Amended Complaint. See generally Mot. to Amend; Proposed TAC.

At some time in 2016, after the assault, Plaintiff was transferred from Upstate C.F. to

Marcy Correctional Facility ("Marcy C.F."), where he stayed for about four months. Proposed

TAC at 5. While he was there, his "neck brace was taken away early which caused Plaintiff

excruciating pain." Id. He was given a "soft brace" in place of the "hard brace" he had previously

worn. Id. He could not move his neck after the hard brace was removed, and he had to "walk

around holding [his] head," because the soft brace did not provide any support. Id. He was "in so

much pain [that he] went to sick call every day seeking help." Id. He was provided with

medication, but the medication "did nothing for neck pain." Id. Moreover, his "back had a

heartbeat pain" that Plaintiff felt "was ignored." Id.

In 2017, Plaintiff was transferred to Attica Correctional Facility ("Attica C.F."). Id.

There, his "neck support was taken and [he] was put in for physical therapy." Id.  Plaintiff "was

put in to see the specialist to see if surgery had to be done on [his] neck," but he "didn't see

anyone." Id. He "went to sick call every week complaining about [physical therapy] making the

pain in [his] neck wors[e]." Id. at 6. Meanwhile, "[n]othing was done for [his] back pain," id. at

5, and he "was ignored when [he] told the doctor" about his back pain, id. at 6.

At an unspecified date, Plaintiff was transferred back to Marcy C.F. Id. He did not receive

any treatment for his back pain there. Id.

From 2018 to 2019, Plaintiff was incarcerated in Auburn Correctional Facility ("Auburn

C.F."). He told doctors there that he needed surgery, but he did not receive surgery. Id. Doctors at

4

Auburn C.F. also did not give Plaintiff "the correct pain medication" for painful muscle spasms he was experiencing. Id. Plaintiff was subjected to a delay in seeing a spinal specialist. Id. While at Auburn, Plaintiff was given an MRI that showed he had "bulged disc C-3 to C-7 in [his] neck." Id.

Subsequently, Plaintiff was transferred to Green Haven C.F., where he is currently incarcerated. Id. Since his arrival, his appointment to see an orthopedic specialist was cancelled. Id. He was "put in for physical therapy for [his] neck and back," which "made things . . . wors[e]." Id. He is on medication that has bad side effects and does not work. Id. Dr. Kim, a medical staff member at Green Haven C.F., has refused to arrange an appointment with a spinal specialist for surgery to address Plaintiff's neck and back pain. Id.

Plaintiff alleges that his "back will never be the same because of the delay and denial of treatment" he has experienced between 2016 and the present. Id.

## III.   LEGAL STANDARDS

### A.  Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Put another way, a claim is plausible if it is supported by 'enough fact[s] to raise a reasonable expectation

that discovery will reveal evidence of [the alleged misconduct].'" <u>Pare v. Valet Park of Am., Inc.</u>,

No. 19-CV-206, 2020 WL 495038, at *4 (N.D.N.Y. Jan. 30, 2020) (Kahn, J.) (alterations in

original) (quoting <u>Twombly</u>, 550 U.S. at 556). "In assessing whether this standard has been met,

courts 'must accept all allegations in the complaint as true and draw all inferences in the light

most favorable to the non-moving party[]. . . .'" <u>Charles Ramsey Co., Inc. v. Fabtech-NY LLC</u>,

No. 18-CV-546, 2020 WL 352614, at *9 (N.D.N.Y. Jan. 21, 2020) (Kahn, J.) (alteration in

original) (quoting <u>In re NYSE Specialists Sec. Litig.</u>, 503 F.3d 89, 95 (2d Cir. 2007)).

**B.  Motion to Amend**

Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory

motive on the part of the movant, undue prejudice to the opposing party, or futility." <u>Monahan v.</u>

<u>N.Y.C. Dep't of Corr.</u>, 214 F.3d 275, 283 (2d Cir. 2000); <u>see also</u> <u>Couloute v. Ryncarz</u>, No.

11-CV-5986, 2012 W L 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting <u>Monahan</u>, 214 F.3d at

283). However, motions to amend "should generally be denied in instances of futility, undue

delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments

previously allowed, or undue prejudice to the non-moving party." <u>Burch v. Pioneer Credit</u>

<u>Recovery, Inc.</u>, 551 F.3d 122, 126 (2d Cir. 2008); <u>Monahan</u>, 214 F.3d at 283.

An amendment is futile if the proposed claim could not survive a motion to dismiss

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>Lucente v. Int'l Bus. Machines</u>

<u>Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002) (citing <u>Dougherty v. North Hempstead Bd. of Zoning</u>

<u>Appeals</u>, 282 F.3d 83, 88 (2d Cir. 2002)).

Where a party seeks to raise with the Court facts and events that occurred after the close

of the pleading stage of a suit, "the Court's analysis is guided by Rule 15(d) of the [FRCP]

(governing supplemental pleadings), rather than Rule 15(a) (governing amendments)." Vance v. Venettozzi, No. 18-CV-748, 2019 WL 4415551, at *3 (N.D.N.Y. Sept. 16, 2019) (citing Fed. R. Civ. P. 15(d), which concerns "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented"). FRCP 15(d) permits a party to move for leave to serve a supplemental pleading, and the district court may grant such a motion, in the exercise of its discretion, upon reasonable notice and upon such terms as may be just. Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995). "[T]he considerations governing motions to supplement are identical to those considered in connection with a motion to amend a complaint under Rule 15(a)." Purcelle v. Thomas, No. 18-CV-77, 2019 WL 1762628, at *2 (N.D.N.Y. Apr. 22, 2019); see also Girard v. Hickey, No. 15-CV-187, 2016 WL 915253, at *2 (N.D.N.Y. Mar. 4, 2016) (same).

## C. Preliminary Injunction

"A preliminary injunction is an equitable remedy and an act of discretion by the court." Am. Civil Liberties Union v. Clapper, 804 F.3d 617, 622 (2d Cir. 2015). "A party seeking a preliminary injunction must generally show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." Id. (citing Winter v. NRDC, 555 U.S. 7, 20 (2008)). When the moving party is unable to demonstrate a likelihood of success on the merits, a court still may issue a preliminary injunction if the moving party shows "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010)

(quoting <u>Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.</u>, 596 F.2d 70, 72 (2d Cir. 1979)).

## IV.   DISCUSSION

### A.   Defendants' Motion to Dismiss and Plaintiff's Motion to Amend

Defendants have moved to dismiss Plaintiff's medical indifference claim, and Plaintiff

has moved to amend his Second Amended Complaint to identify Dr. Kim of Green Haven C.F.

as the defendant for that claim. Because the standards for dismissal and amendment are identical,

the Court considers these motions together. As discussed below, the Court grants dismissal of the

medical indifference claim and denies amendment.

To state a valid § 1983 claim based on inadequate medical treatment, a plaintiff must

allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious

medical needs." <u>Hogan v. Russ</u>, 890 F. Supp. 146, 149 (N.D.N.Y 1995) (quoting <u>Estelle v.</u>

<u>Gamble</u>, 429 U.S. 97, 106 (1976)). Plaintiffs must demonstrate both an objective component and

a subjective component. <u>See</u> <u>Salahuddin v. Goord</u>, 467 F.3d 263, 279–81 (2d Cir. 2006). Under

the objective component, the court asks whether the plaintiff has been deprived of adequate

medical care and whether such deprivation was "sufficiently serious." <u>Salahuddin</u>, 467 F.3d at

280. Under the subjective component, the court asks whether the charged official acted with a

"sufficiently capable state of mind." <u>Id.</u> "This mental state requires that the charged official act or

fail to act while actually aware of a substantial risk that serious inmate harm will result."

"Disagreements over medications, diagnostic techniques, forms of treatment, the need for

specialists, and the timing of their intervention implicate medical judgments and not the Eighth

Amendnment." <u>Wright v. Genovese</u>, 694 F. Supp. 2d 137, 155 (N.D.N.Y. 2010). Decisions by

medical personnel regarding "the care and safety of patients are given a presumption of

correctness." Id. at 155. Inmates are not entitled to the treatment of their choice. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986).

Here, even with the amendments sought to be added in the Proposed Third Amended Complaint, Plaintiff fails to state a claim for medical indifference. Plaintiff admits that he has been given medication, physical therapy, and an MRI in response to his neck and back pain. See Proposed Third Amended Complaint at 6. His insistence that surgery is the proper treatment does not allow an Eighth Amendment medical indifference claim to blossom. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Plaintiff has plausibly demonstrated neither a "sufficiently serious" act or omission depriving him of medical care nor a "sufficiently capable state of mind" held by Dr. Kim or another medical official. See Salahuddin, 467 F.3d at 280. Accordingly, Plaintiff's Motion to Amend is denied, and his Eighth Amendment medical indifference claim in the Second Amended Complaint is dismissed.

### B.  Motion for Injunctive Relief

Through the Motion for Injunctive Relief, Plaintiff seeks to remedy his safety and medical concerns arising out of his incarceration at Green Haven C.F. See id. at 1–2; see also Dkt. No. 79. Because, as discussed below, the Court cannot grant Plaintiff injunctive relief against non-parties, and because no Green Haven C.F. official is a party to this action, Plaintiff's Motion for Injunctive Relief is denied.

Plaintiff can only seek injunctive relief from defendants who "plausibly have the authority to grant the prospective relief." Smith v. Perez, No. 19-CV-1758, 2020 WL 2307643, at *6 (D. Conn. May 8, 2020) (collecting cases). None of the defendants in this action—all of

whom are officials at Upstate C.F.—plausibly have the ability to intervene with respect to

Plaintiff's medical care or living arrangements at Green Haven C.F. <u>See</u> <u>Hogan</u>, 890 F. Supp. at

150. Plaintiff sought to name a Green Haven C.F. doctor in his proposed amended complaint,

<u>see</u> Proposed Third Amended Complaint, but the Court has denied the Motion to Amend, and, in

any case, Dr. Kim is not plausibly in a position to place Plaintiff in protective custody or transfer

him to another facility. Because no party to this action can plausibly grant Plaintiff the

prospective relief he seeks in the Motion for Injunctive Relief, the Court must deny his request.

## IV.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss, Dkt. No. 57, is **GRANTED**; and it is

further

**ORDERED**, that Plaintiff's Eighth Amendment medical indifference claim is

**DISMISSED** for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that Plaintiff's Motion to Amend, Dkt. No. 68, is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion for Injunctive Relief, Dkt. No. 70, is **DENIED**; and

it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in

accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     September 16, 2020
           Albany, New York

Lawrence E. Kahn
U.S. District Judge

10